IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

IN RE:      RICHARD DICKENS and                    Case No. 4:12-bk-16982 E
            LEE ANN DICKENS, Debtors                              CHAPTER 13

## MEMORANDUM OPINION AND ORDER GRANTING
## MOTION TO DISGORGE TRUSTEE'S FEE

Now before the Court is an *Amended Motion to Disgorge Trustee's Fee*, filed by Kimberley F. Woodyard on behalf of Richard William Dickens and Lee Ann Dickens (the "**Debtors**"). (Dkt. #96). Joyce Bradley Babin, the standing Chapter 13 Trustee (the "**Trustee**"), has filed a response and objection to the Debtors' amended motion. (Dkt. #102). Charles W. Tucker has also filed a response and objection to the Debtors' Amended Motion, on behalf of the United States Trustee (the "**U.S. Trustee**"). (Dkt. #106).

The issue before the Court is whether the Trustee is permitted to retain a collected percentage fee provided for by 28 U.S.C. § 586 when the Debtors' case was dismissed prior to confirmation of a plan. This issue has been percolating through the courts recently.[1] Joined by the U.S. Trustee, the Trustee asserts that § 586 unambiguously

---

[1] For cases requiring return of the percentage fee in cases that are dismissed or converted prior to plan confirmation, see *In re Acevedo*, 497 B.R. 112 (Bankr. D.N.M. 2013) (*en banc* decision by Judges Jacobvitz and Thuma); *In re Rivera*, 268 B.R. 292, 293 (Bankr. D.N.M. 2001) (McFeeley, J.), *aff'd sub nom.*, *In re Miranda*, 85 B.R. 344 (Table), 2001 WL 1538003 (B.A.P. 10th Cir. Dec. 4, 2001). *See also In re Ward*, 132 B.R. 417, 419 (Bankr. D. Neb. 1991) ("If a case is converted or dismissed before confirmation of a plan, the standing trustee is not entitled to a percentage fee under § 586(e) and the bankruptcy court is prohibited from allowing such compensation by § 326(b)."); *In re Littrell*, No. 12-01510-LT13 (Bankr. S.D. Cal. Feb. 7, 2014) (ECF #97) (summary order agreeing with conclusion reached in *Acevedo*). For orders permitting the retention of fees see *In re Wade*, No. 13-51209-KMS (Bankr. S.D. Miss. May 5, 2014) (ECF #66); *In re Cryder*, No. 11-56676 (Bankr. S.D. Ohio June 15, 2012) (ECF #68); *In*

provides for the retention of the fee in such cases. The Debtors argue that § 586 is ambiguous and must be read in conjunction with 11 U.S.C. 1326(a) of the Bankruptcy Code. By reading these statutory provisions together, the Debtors maintain that they are entitled to a refund of certain percentage fees collected by the Trustee in their case. For the reasons stated below, the Court finds that the Trustee must remit the percentage fee to the Debtors. Accordingly, the Debtors' *Amended Motion to Disgorge Trustee's Fee* is granted.

A motion to disgorge a trustee's fee is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and the Court has jurisdiction to enter a final judgment in the case. The following constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014.

## FACTS

The basic facts of this case are not in dispute. The Debtors filed a voluntary Chapter 13 petition along with their proposed plan on December 2, 2012. Paragraph 3(A) of the form language of the Debtors' plan provided: "**Trustee's Fees and Expenses.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee." (Dkt. #2). After the meeting of creditors was held pursuant to 11 U.S.C. § 341(a), the Debtors filed a modified plan that retained the language in Paragraph 3(A).

---

*re Antonacci*, No. BK-S-08-23349-LBR, (Bankr. D. Nev. Dec. 27, 2011) (EFC #171); *see also In re Nardello*, No. 12-36287 (Bankr. D.N.J. Sept. 10, 2013) (ECF #124), *on appeal*, No. 1:13-cv-06564-JBS. The Court notes that none of the reported orders supporting the retention of the percentage fee provide an extended statutory analysis of the issue, and in some cases, it appears no objection or responsive pleading was filed. *See Wade*; *Cryder*.

2

*See* Ch. 13 Amend. Plan (listing changes in payments to creditors) (Dkt. #27). The modified plan was never confirmed, and on September 27, 2013, the Court entered an order granting the Debtors' motion to dismiss their case.

After the case was dismissed on November 26, 2013, the Trustee submitted her "Final Report and Account" to the Court. (Dkt. #92). The report indicates that the Debtors made eight payments under their proposed original and modified plans totaling $21,900.[2] The report further reflects that upon dismissal of their case, the Trustee returned $11,770.55 to the Debtors.

Of the $21,900 paid by the Debtors to the Trustee, $9,000 went to monthly adequate protection payments to two secured creditors: Wells Fargo Bank, N.A. and Santander Consumer USA Inc. When the adequate protection payments were disbursed, the Trustee withheld and retained a percentage fee. The Trustee's collected percentage fee on adequate protection payments totaled $477.26.[3] Neither the adequate protection payments nor the percentage fee collected on them were returned upon dismissal of the Debtors' case, and these monies are not at issue in this case. The dispute in this case involves the $652.19 percentage fee deducted by the Trustee from the remaining undisbursed funds that were returned to the Debtors.

---

[2] The payments were made by personal checks.

[3] General Order 32, effective December 1, 2008, provides for the standing Chapter 13 Trustee to collect a percentage fee "at the time of distribution of the adequate protection payment to the claimant."

3

Shortly after the Trustee issued her final report, the Debtors filed a *Motion to Disgorge Trustee's Fee* on December 2, 2013. (Dkt. #93).[4] Citing the recent decision *In re Acevedo*, 497 B.R. 112 (Bankr. D.N.M. 2013), the Debtors argue the Trustee is not permitted to retain a percentage fee in a case that is dismissed prior to confirmation of a Chapter 13 plan. Therefore, upon dismissal of their case, they maintain that the Trustee should have returned the $652.19 in addition to the $11,770.55. The Trustee and the U.S. Trustee, objected to the Debtors' motion on numerous grounds. A hearing on the motion was held on January 30, 2014, and considerable testimony was given on how the percentage fee is set and collected in Chapter 13 cases in this district. Given the complexity of the legal arguments raised by the parties, the Court permitted additional closing briefs to be submitted. The Court has carefully read those briefs and now issues its decision.

## DISCUSSION

The dispute between the parties boils down to how to interpret 28 U.S.C. § 586(e) and 11 U.S.C. § 1326(a).[5] The U.S. Trustee and the Trustee argue that § 586 unambiguously provides for the retention of a percentage fee by the standing Chapter 13 trustee when a case is dismissed prior to confirmation of a plan. The Debtors argue that § 586 is ambiguous and must be read in conjunction with § 1326(a). Reading these two provisions together, they contend that § 586(e) specifies how the fee is collected while §

---

[4] The Debtors' *Amended Motion* was filed a day later and reflects a change in the requested amount to be disgorged from $562.10 to $652.19.

[5] All references to "Section 586" or "§ 586," or any subsection thereof, refer to Title 28 of the United States Judicial Code. All other references to "Section" or "§" in this opinion refer to Title 11 of the United States Bankruptcy Code.

4

1326(a) governs when the fee must be returned to the debtor. In their view, when a Chapter 13 case is dismissed prior to confirmation of a plan, § 1326(a) requires the return of the collected percentage fee. In interpreting § 586 and § 1326(a), the Court is guided by longstanding principles of statutory construction.

## Principles of Statutory Construction

Interpretation of a statute begins "where all such inquiries must begin: with the language of the statute itself." *Ransom v. FIA Card Servs., N.A.*, 131 S. Ct. 716, 723–24, 178 L. Ed. 2d 603 (2011) (quoting *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)). "Where statutory language is plain, 'the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'" *Contemporary Indus. Corp. v. Frost*, 564 F.3d 981, 985 (8th Cir. 2009) (quoting *Lamie v. United States Tr.*, 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004)). Undefined terms in a statute are to be given their ordinary meaning. *See Clark v. Rameker*, 134 S. Ct. 2242, 2246 (2014); *Ransom*, 131 S. Ct. at 724 (citing *Hamilton v. Lanning*, 560 U.S. 505, 513, 130 S. Ct. 2464, 177 L. Ed. 2d 23 (2010)). The Court is also cognizant that:

> [s]tatutory construction . . . is a holistic endeavor. A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme-because the same terminology is used elsewhere in a context that makes its meaning clear . . . or because only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law . . . .

*United Sav. Ass'n v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 371, 108 S. Ct. 626, 98 L. Ed. 2d 740 (1988). With these principles in mind, the Court turns to the two statutory provisions at issue.

5

## 28 U.S.C. § 586(e)

Section 586(e)(1) requires the Attorney General to consult with the U.S. Trustee and "fix" a maximum annual compensation and a percentage fee for standing trustees in Chapter 12 and Chapter 13 cases. 28 U.S.C. § 586(e)(1). In Chapter 13 cases, the percentage fee cannot exceed ten percent of all payments received by the standing trustee under the plan. *See id.* §§ 586(e)(1)(B)(i) & (e)(2). Subsection (e)(2) delineates how the percentage fee is collected:

> (2) Such individual shall collect such percentage fee from all payments received by such individual under plans in the cases under chapter 12 or 13 of title 11 for which such individual serves as standing trustee. Such individual shall pay to the United States trustee, and the United States trustee shall deposit in the United States Trustee System Fund--
>
> (A) any amount by which the actual compensation of such individual exceeds 5 per centum upon all payments received under plans in cases under chapter 12 or 13 of title 11 for which such individual serves as standing trustee; and
>
> (B) any amount by which the percentage for all such cases exceeds--
>
>> (i) such individual's actual compensation for such cases, as adjusted under subparagraph (A) of paragraph (1); plus
>>
>> (ii) the actual, necessary expenses incurred by such individual as standing trustee in such cases. Subject to the approval of the Attorney General, any or all of the interest earned from the deposit of payments under plans by such individual may be utilized to pay actual, necessary expenses without regard to the percentage limitation contained in subparagraph (d)(1)(B) of this section.

28 U.S.C. § 586(e)(2).

The Debtors argue that § 586(e)(2) does not provide a clear answer to the question of whether percentage fees can be retained in cases where a Chapter 13 plan is not confirmed. Conversely, the U.S. Trustee and the Trustee take the position that § 586(e)(2)

6

is unambiguous and "clearly authorizes standing trustees to be paid their percentage fees in all their cases, regardless of whether a plan has been confirmed." Resp. to and Obj. to Debtors' Amend. Mot. to Disgorge Trustee's Fee at 1–2 (Dkt. # 106); Br. in Supp. of Tr.'s Resp. and Obj. to Mot. to Disgorge Trustee's Fee at 10–15 (Dkt. #108). Their argument is tied to the first sentence in § 586(e)(2), providing that standing trustees ". . . shall collect such percentage fee from all payments received . . . under plans" in Chapter 13 cases. They argue (1) "plans" includes both confirmed and unconfirmed plans; (2) "collect" means to "obtain payment"; and (3) payment of the percentage fee is irrevocable and cannot be returned to the debtor. It is the last part of the trustees' argument with which the Court disagrees.

First, the Court *does* agree that the term "plans" in § 586(e)(2) is not used restrictively and includes plans that are not confirmed. The Court's conclusion is buttressed by other subsections of § 586. Subsection (a)(3)(C) charges the U.S. Trustee with "monitoring plans filed under chapters 12 and 13 of title 11 and filing with the court, in connection with hearings under sections 1224, 1229, 1324, and 1329 of such title, comments with respect to such plans." Sections 1224 and 1324 require a hearing on the confirmation of Chapter 12 and Chapter 13 plans respectively. Logically, a confirmation hearing cannot be held after a plan has been confirmed. Therefore, the word "plans" in § 586(a)(3)(C) must include plans that are not confirmed. Likewise, § 586(a)(3)(B) cross-references provisions governing Chapter 11 plans that are not confirmed. Therefore, the term "plans" in § 586(a)(3)(B) must also include plans that are not confirmed. Consistent with the definition used in other subsections of § 586, the Court concludes that "plans" in

7

§ 586(e)(2) includes plans that are not confirmed. *See Cohen v. de la Cruz*, 523 U.S. 213, 220, 118 S. Ct. 1212, 140 L. Ed. 2d 341 (1998) (noting "the presumption that equivalent words have equivalent meaning when repeated in the same statute . . . .").

As to the second part of the trustees' argument, the Court also agrees that the ordinary meaning of the phrase "collect" is to "obtain payment." The U.S. Trustee places particular reliance on the definition contained in a leading legal dictionary: "To collect a debt or claim is to obtain payment or liquidation of it, either by personal solicitation or legal proceedings." BLACK'S LAW DICTIONARY 263 (6th ed. 1990). The U.S. Trustee then cites a host of cases applying this definition in other contexts. *See, e.g.*, *Heintz v. Jenkins*, 514 U.S. 291, 294, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995) (interpreting the Fair Debt Collections Practices Act); *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 710 (4th Cir. 2001) (arbitration clause); *In re Angelo*, 480 B.R. 70, 89 (Bankr. D. Mass. 2012) ("collection" under the automatic stay provision of the Bankruptcy Code). The Court initially questions whether the collection of a percentage fee is analogous to the collection of a debt or claim. However, applying the ordinary meaning of the term "collect," *Ransom*, 131 S. Ct. at 724, the Court agrees that, in the context of § 586(e)(2), to collect a percentage fee means to "obtain payment" of it.

Under the final prong of their argument, the U.S. Trustee and the Trustee contend that when the standing trustee obtains payment of the percentage fee, the fee cannot be returned. In other words, to "collect" a percentage fee under § 586(e)(2) is to obtain an irrevocable payment. The Court does not agree. Nothing in the definition of "collect" advanced by the U.S. Trustee mandates a view that collection of a percentage fee is

8

irrevocable and forever vests in the standing trustee. *See In re Acevedo*, 497 B.R. 112, 122 (Bankr. D.N.M. 2013) (positing "at least three ways" to construe the first sentence in § 586(e)(2)). The trustees' interpretation is also at odds with the Trustee's duty to pay into the United States Trustee Program fund any collected fees during the fiscal year that put her over the cap of § 586(e)(2)(A). Furthermore, the trustees' interpretation of § 586(e)(2), a provision applicable to Chapter 12 cases, makes 11 U.S.C. § 1226(a)(2) superfluous. This provision provides:

> . . . If a [Chapter 12] plan is not confirmed, the trustee shall return any such payments to the debtor, after deducting--
>
> (2) if a standing trustee is serving in the case, the percentage fee fixed for such standing trustee.

11 U.S.C. § 1226(a)(2). If collection of a percentage fee is irrevocable under § 586(e)(2), then § 1226(a)(2) would not need to specifically provide for the retention of the fee in Chapter 12 cases where a plan was not confirmed. The trustees' construction of § 586(e)(2) makes § 1226(a)(2) unnecessary, and Courts are generally obliged not to construe statutes in such a manner. *Clark*, 134 S. Ct. at 2248; *Lamie*, 540 U.S. at 536; *Bergquist v. Anderson-Greenwood Aviation Corp. (In re Bellanca Aircraft Corp.)*, 850 F.2d 1275, 1280 (8th Cir. 1988) ("A statute should not be interpreted so as to render the legislature's language mere surplusage.").

In short, a plain and natural reading of § 586(e)(2) leads to the basic conclusion that a standing trustee is entitled to collect a percentage fee from certain specified amounts. The statute is simply "silent with regard to whether confirmation is a prerequisite to distribution, or what effect pre-confirmation dismissal or conversion may have on the

9

standing trustee's entitlement to her percentage fee." *In re Miranda*, 285 B.R. 344 (Table), 2001 WL 1538003, at *2 (B.A.P. 10th Cir. Dec. 4, 2001). Section 586(e)'s ambiguity on this point requires consultation with the applicable provisions of the Bankruptcy Code, specifically § 1326(a).

## 11 U.S.C. § 1326(a)

Because § 586(e)(2) is ambiguous, it must be read in conjunction with § 1326(a), which "governs payments and disbursements associated with Chapter 13 plans." *Miranda*, 2001 WL 1538003, at *2. Section 1326(a) provides:

> (1) Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, in the amount--
>
> (A) proposed by the plan to the trustee;
>
> . . .
>
> (2) A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b).

11 U.S.C. § 1326(a)(1)(A) and (a)(2).[6] The key question raised by this provision is whether a percentage fee collected by the standing trustee is an "amount . . . *proposed by the plan*

---

[6] Prior to the enactment of BAPCPA in 2005, § 1326(a) provided:

> (1) Unless the court orders otherwise, the debtor shall commence making *the* payments *proposed by a plan within* 30 days after *the plan is filed*.
>
> (2) A payment made under *this subsection* shall be retained by the trustee until confirmation or denial of confirmation *of a plan*. If a plan is confirmed, the

10

to the trustee" under § 1326(a)(1)(A) that must be "return[ed] . . . to the debtor" when a plan is not confirmed under § 1326(a)(2).

The crux of the Debtors' argument is that the percentage fee is "proposed" when formulating a Chapter 13 plan and is therefore included in the phrase "amount . . . proposed by the plan" under § 1326(a)(1)(A). They urge the Court to adopt the reasoning stated in *In re Acevedo*, 497 B.R. 112 (Bankr. D.N.M. 2013), an *en banc* decision supporting their position. 497 B.R. at 119–22. In contrast, the trustees take the position that the percentage fee is not an amount "proposed by the plan." While the U.S. Trustee concedes that this phrase is ambiguous, both trustees emphasize that payment of the fee is mandatory and fixed by § 586(e). Because the percentage fee must always be paid, the trustees reason that the fee is not "proposed" by the plan because that term generally connotes discretion or choice. Under the trustee's interpretation, the phrase "proposed by the plan" only includes that portion of the Debtors' payments to the standing trustee allocated for ultimate distribution to creditors, and does not include the fee portion.

The Court disagrees with the trustees' interpretation based on the reasoning of *Acevedo*. The Court "finds that the ordinary and natural meaning of the phrase 'the amount

---

trustee shall distribute any such payment in accordance with the plan as soon as practicable. If a plan is not confirmed, the trustee shall return any such payment to the debtor, after deducting any unpaid claim allowed under section 503(b) *of this title*.

11 U.S.C. § 1326(a) (2004) (emphasis added). The Court does not find these changes material to the issue before it and hence cases interpreting the pre-BAPCPA version of § 1326(a) retain their vitality.

11

proposed by the plan to the trustee' is whatever amount will be paid to the trustee under the plan," which includes the percentage fee. *Id*. at 119. As explained in *Acevedo*:

> . . . [W]hile . . . the fee percentage is fixed as set forth in § 586(e), the actual dollar amount of the fee is not fixed. Instead, the dollar amount of the fee depends on the size of the debtor's monthly lump sum plan payment. Often, the debtor files a plan proposing a smaller monthly plan payment (which would result in a smaller trustee's fee), while the trustee objects and argues that the monthly payment should be larger. The fee the trustee actually collects can vary significantly, depending on the outcome of the dispute over the size of the monthly plan payment. Thus, although the fee percentage is mandated, the debtor nevertheless 'proposes' the amount of the monthly fee when she files her plan.

497 B.R. at 120. This means that the while the percentage fee is mandated by statute, the debtor "proposes" the exact amount of the monthly payment upon filing her plan under § 1326(a)(1)(A). *Id*. Consequently, when a case is dismissed prior to confirmation, the fee, along with the funds earmarked for creditors, must be refunded to the debtors under § 1326(a)(1)(B). *Id.* at 122.

*Acevedo*'s interpretation of "amount proposed by the plan to the trustee" under § 1326(a)(1)(A) makes sense. It recognizes that "[a] debtor's plan ordinarily proposes monthly lump sum payments to the trustee for the term of the plan," *id*. at 119, which is the practice in the Eastern District of Arkansas. At the January 30 2014 hearing, Tracey Greenwood, case operations administrator for the Trustee's office, confirmed that the percentage fee is part and parcel of the monthly payments made to the Trustee. She testified that the fee is included in the monthly lump sum payment written down in the blank space provided for in the model plan used by debtors, including the ones in this case. If the monthly payments do not cover the percentage fee, Greenwood explained that the

Trustee will object to the plan. Greenwood's testimony coupled with the reasoning of *Acevedo* leads to the conclusion that the percentage fee is included and described by the statute as an "amount proposed by the plan to the trustee" under § 1326(a)(1), that must be returned to the debtor when a plan is not confirmed in accordance with subsection (a)(2).[7]

---

[7] Alternatively, the Trustee makes a somewhat less developed argument that two Eighth Circuit cases, *Wagner v. Armstrong (In re Wagner)*, 36 F.3d 723 (8th Cir. 1994), and *Pelofsky v. Wallace*, 102 F.3d 350 (8th Cir. 1996), permit her to deduct a fee in cases where a plan is not confirmed. Specifically, the Trustee seizes on the following language in *Pelofsky*:

> In *Wagner*, the farmers argued that any issue regarding trustee's fees was moot because they had been discharged from bankruptcy and the trustee had failed to stay or appeal the discharge. This court disagreed. We noted that "[a] discharge under the bankruptcy code discharges 'debts provided for by the plan,' " citing 11 U.S.C. § 1228(a), but reasoned that under Chapter 12 standing "[t]rustee's fees are not 'debts provided for by the plan,' but are fees levied for services provided for in administering the plan." 36 F.3d at 726. Indeed, we characterized "[a] claim against the debtors for trustee's fees [a]s collateral to the bankruptcy action." *Id*. Thus, under *Wagner*, if a claim for trustee's fees is 'collateral' to the bankruptcy proceeding, although a payment for trustee's fee may be a payment, we do not believe it is a payment 'under' a plan, as is required by section 586(e)(2).

102 F.3d at 355–56. From this passage, the Trustee argues that because the percentage fee is not a payment "under" a plan within the meaning of § 586(e)(2), it cannot be a payment "proposed by the plan" under § 1326(a)(1)(A). This argument is well taken, but it is unlikely that the Eighth Circuit would apply *Pelofsky* in a manner that would contradict its earlier remarks in *Stahn v. Haeckel* where the court stated that:

> Chapter twelve is unique in that a standing trustee may deduct a fee. 5 COLLIER [ON BANKRUPTCY (15th ed. 1990)] ¶ 1226.01, at 1226-2 n. 4. On the other hand, a chapter thirteen standing trustee may not deduct a percentage fee if a plan is not confirmed. *Id.*

920 F.2d 555, 557 (8th Cir. 1990). Moreover, to apply *Pelofsky* in such a manner would reduce § 1226(a)(2) to surplusage because it would make any provision providing for the retention of percentage fees in unconfirmed cases unnecessary. The Supreme Court has routinely expressed disfavor for arguments that "flout[] the rule that 'a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous.'" *Clark*, 134 S. Ct. at 2248 (2014) (quoting *Corley v. United States*, 556 U.S. 303, 314, 129 S.Ct. 1558, 173 L.Ed.2d 443 (2009)).

13

In summary, the Court finds that § 586(e)(2) specifies the source from which the trustee is to collect the percentage fee while § 1326(a) addresses the circumstances under which the trustee must return the collected fee to the debtor. If a case is dismissed prior to the confirmation of a plan, § 1326(a)(2) requires the trustee to return the collected percentage fee to the debtor.

### **Chapter 12 Counterpart to § 1326**

As further evidence that § 1326(a) requires the return of percentage fees in cases that are not confirmed, the Court is again influenced by § 1226(a), the Chapter 12 counterpart to § 1326(a). Section 1226(a) provides:

> (a) Payments and funds received by the trustee shall be retained by the trustee until confirmation or denial of confirmation of a plan. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan. If a plan is not confirmed, the trustee shall return any such payments to the debtor, after deducting--
>
> (1) any unpaid claim allowed under section 503(b) of this title; and
>
> (2) if a standing trustee is serving in the case, the percentage fee fixed for such standing trustee.

11 U.S.C. § 1226(a). This provision demonstrates that Congress knows how to provide for allowance of percentage fees in cases where a plan is not confirmed. While Congress chose to do this for standing Chapter 12 trustees, it did not include the same language in § 1326(a)(2) for standing Chapter 13 trustees. This exclusion is notable because § 1226(a) was "adopted in 1986, two years after Congress added what is now § 1326(a)." *Acevedo*, 497 B.R. at 124. Therefore, Congress's decision not to add similar language to § 1326(a)(2) "supports [the] inference that Congress intended different treatment of trustee

14

fees in Chapter 12 and 13 cases." *Id*.; *see also Stahn v. Haeckel*, 920 F.2d 555, 556–57 (8th Cir. 1990) ("[W]hen 'Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'" (quoting *Russello v. United States*, 464 U.S. 16, 23, 104 S. Ct. 296, 78 L.Ed.2d 17 (1983)); *Hall v. United States*, 132 S. Ct. 1882, 1884, 182 L. Ed. 2d 840 (2012) ("This Court assumes Congress is aware of existing law when it passes legislation . . . .").

The U.S. Trustee argues that § 1326 does not need a § 1226(a)(2) equivalent to enable standing trustees to retain percentage fees in cases that are not confirmed. According to the U.S. Trustee, § 1226(a)(2) requires the retention percentage fees in unconfirmed cases because the prefatory language of the provision is broader than § 1326(a). Section § 1226(a) provides for the retention of "[p]ayments and *funds* received by the trustee" until confirmation of a plan whereas § 1326(a) addresses the retention of payments "proposed by the plan to the trustee." The U.S. Trustee classifies the percentage fee as a "fund" that would have to be returned to the debtor absent § 1226(a)(2). Because, in the U.S. Trustee's view, the percentage fee is not a payment "proposed by the plan" under § 1326(a)(1)(A), a provision providing for its return would be irrelevant. The Court is not persuaded. After differentiating between a "payment" and a "fund," § 1226(a) subsequently references "such payment." If the percentage fee is only a "fund," 1226(a)(2) would be unnecessary as everything after the first sentence of the provision relates to payments. The more natural reading is that §§ 1226(a) and 1326(a) specifically delineate what may be deducted when a plan is not confirmed. In Chapter 12 cases, § 503(b) claims

15

and the percentage fees may be deducted whereas in Chapter 13 cases only § 503(b) claims may be deducted.

## Public Policy

Notwithstanding their various statutory construction arguments, the trustees also rely on public policy to support their position. The U.S. Trustee argues that a decision in favor of the Debtors may "potentially encourage debtors to file cases merely to obtain the benefits of the automatic stay, even if they have no intention of proceeding to a confirmed plan." U.S. Tr. Br. at 25 (Dkt. #106). The Court finds this concern unfounded given the cost debtors must first bear to file bankruptcy and the current checks in place to prevent abuse of the bankruptcy system. *See, e.g.*, 11 U.S.C. §§ 362(d)(1) (providing relief from stay "for cause"); 1307(c) (listing non-exclusive grounds which may constitute "cause" for dismissal or conversion); *see also Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 127 S. Ct. 1105, 166 L. Ed. 2d 956 (2007) (holding that a Chapter 7 debtor's bad faith conduct may result in forfeiture of right to convert to Chapter 13 case).

The trustees also argue that much of the work administrating Chapter 13 cases is "front-loaded" and done before the standing trustee will ever know if a plan will be confirmed. They presented extensive evidence on the many duties the U.S. Trustee must perform before a case is confirmed and cautioned that ruling for the Debtors will transfer more of the costs of administering the United States Trustee Program onto Debtors who have confirmed plans. Yet, Nancy Cole, an administrator in the Trustee's office, testified

16

that percentage fees collected in cases that were dismissed or converted prior to confirmation was "insignificant" compared to the total revenues of the Trustee's office.[8]

Ultimately, the substantiality of the Trustee's work and its importance to the administration of Chapter 13 cases is not in dispute.[9] However, the policy change requested by the trustees is a matter left for Congress to decide. Policy cannot trump the Court's duty to apply the statutory language of the Bankruptcy Code.

## CONCLUSION

Because the Debtors' case was dismissed prior to confirmation of a Chapter 13 plan, the Trustee must disgorge her collected percentage fee provided for by 28 U.S.C. § 586. Contrary to the position of the U.S. Trustee and the Trustee, the Court finds that § 586 is ambiguous as to whether a standing Chapter 13 trustee can retain a percentage fee in a case that is dismissed prior to confirmation of a plan. Consequently, § 586 must be read in conjunction with 11 U.S.C. 1326(a). Reading these two provisions together, the Court finds that § 586(e) specifies how the fee is collected while § 1326(a) governs when the fee must be returned to the debtor. Under § 1326(a)(1)(A), the Court finds that the percentage fee is included as part of the "amount proposed by the plan to the trustee," and thus, must

---

[8] Cole further testified that for 2012, the total amount of percentage fees the Trustee's office deducted in cases that were dismissed or converted prior to confirmation of a plan was approximately $19,500. By comparison, the amount of fees the office deducted in confirmed cases for the last fiscal year (October 2012 to September 2013) was approximately $2,672,000.

[9] The Court acknowledges and appreciates the work of the standing Chapter 13 trustees in Arkansas.

17

be returned to the debtor under § 1326(a)(2) when the debtor's case is dismissed prior to confirmation of a plan.

Accordingly, it is hereby

**ORDERED** that the Debtors' *Amended Motion to Disgorge Trustee's Fee* is **GRANTED**.

**IT IS SO ORDERED.**

*/s/ Audrey R. Evans*
Audrey R. Evans
United States Bankruptcy Judge
Dated: 07/25/2014

CC: Attorney for Debtor(s)
    Debtor(s)
    Trustee
    U.S. Trustee